UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARIT HOVHANNISYAN, et al., | No. 2:16-cv-01050-MCE-EFB |
| Plaintiffs, | |
| v. | **ORDER** |
| JP MORGAN CHASE BANK, N.A., et al., | |
| Defendants. | |

Presently before the Court is a Motion to Withdraw as Counsel (ECF Nos. 26, 28) filed by the Law Offices of Ted A. Greene, Inc. ("Counsel"), counsel for Plaintiffs Margarit Hovhannisyan and Lyova Sargsyan ("Plaintiffs"). Through that Motion, Counsel seeks to withdraw with Plaintiffs' consent, leaving Plaintiffs in propria persona.[1]

Counsel's Motion is governed by the requirements of Eastern District of California Local Rule 182(d), which provides, among other things, that an attorney may not withdraw, leaving the client in propria persona, absent a noticed motion, appropriate affidavits, notice to the client and all other parties who have appeared, and compliance with the Rules of Professional Conduct of the State Bar of California.

///

---

[1] Counsel's Motion is set for hearing on August 11, 2016, but Counsel also filed a Motion to Shorten Time so that the request could be expedited. The latter Motion (ECF No. 27) is GRANTED.

1

California Rule of Professional Conduct 3-700(C)(6) permits a member of the State Bar to seek to withdraw from representation when "[t]he member believes in good faith . . . that the tribunal will find the existence of . . . good cause for withdrawal." However, "[a] member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, . . . and complying with applicable laws and rules." Cal. R. of Professional Conduct 3-700(A)(2). Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit." E.D. Cal. Local R. 182(d); Canandaigua Wine Co., Inc. v. Edwin Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009).

Counsel's motion properly provides notice to Plaintiff and to all other parties appearing in the action. The motion therefore procedurally complies with the requirements of Local Rule 182(d). Substantively, Counsel also offers evidence that it was Plaintiffs who initiated the instant request because they prefer to proceed pro se. Indeed, Plaintiffs signed consent to the substitution of counsel forms agreeing to the same. ECF No. 11. Because California Rule of Professional Conduct 3-700(C)(5) allows for counsel to request withdrawal if "[t]he client knowingly and freely assents to termination of the employment," Counsel's Motion is well-taken.

The Court does note that there are dispositive motions pending, which could lend itself to a finding that Plaintiffs will be prejudiced by Counsel's withdrawal. To alleviate this potential prejudice, the Court finds that continuing the hearing on the pending motions to dismiss is warranted.

///
///
///
///

1   Because Counsel's request is procedurally correct, substantively supported and
2 unopposed, Counsel's Motion to Shorten Time (ECF No. 27) and Motion to Withdraw
3 (ECF Nos. 26, 28) are GRANTED, and the August 11, 2016, hearing on this matter is
4 VACATED.  The Law Offices of Ted A. Greene, Inc., is relieved as counsel of record for
5 Plaintiffs effective upon the filing of proof of service of this signed Memorandum and
6 Order on Plaintiff at their last known address:
7       3637 Reedsport Court
8       Sacramento, CA 95826
9 Finally, on the Court's own motion, the July 28, 2016, hearing on Defendants' pending
10 Motions to Dismiss (ECF Nos. 9 and 12) is VACATED and CONTINUED to Thursday,
11 August 25, 2016, at 2:00 p.m. in Courtroom 7.
12    IT IS SO ORDERED.
13 Dated: July 22, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE