UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARIT HOVHANNISYAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., et al.,<br><br>Defendants. | No. 2:16-cv-1050-MCE-EFB PS<br><br><br><br>ORDER TO SHOW CAUSE |

Defendants filed motions to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), which are currently noticed for hearing on October 5, 2016.  ECF Nos. 38, 42.  Court records reflect that plaintiffs have not filed an opposition or statement of non-opposition to the motions.

Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by September 21, 2016. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions.  Local Rule 110 provides that failure to comply with the

Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, it is hereby ORDERED that:

1. The hearing on defendants' motions for dismiss (ECF No. 38, 42) is continued to November 9, 2016.

2. Plaintiffs shall show cause, in writing, no later than October 26, 2016, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motions.

3. Plaintiffs shall file an opposition to the motions, or a statement of non-opposition thereto, no later than October 26, 2016.

4. Failure to file an opposition to the motions will be deemed a statement of non-opposition thereto, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

5. Defendants may file a reply to plaintiff's opposition, if any, on or before November 2, 2016.

6. Defendants' requests to appear telephonically (ECF Nos. 44, 45) are denied as moot.

DATED: October 3, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE